1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   GAYLE ULSHAFER, an individual,          No.  2:16-cv-01141-MCE-CKD

12              Plaintiff,

13        v.                                  **MEMORANDUM AND ORDER**

14   PHH MORTGAGE COMPANY, a
     business entity; and DOES 1-25,
15   inclusive,

16              Defendant.

17

18        Plaintiff Gayle Ulshafer originally filed this action in Colusa County Superior Court

19   against PHH Mortgage Corporation[1] ("PHH") alleging two claims for relief: (1) violation of

20   California's Homeowner's Bill of Rights ("HBOR"), Cal. Civ. Code §§ 2923–2924.5; and

21   (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code

22   §§ 17200–17204.[2]

23        Before the Court are two motions.  First is Plaintiff's Motion to Remand,

24   contending that this Court lacks jurisdiction because the amount in controversy does not

25   exceed $75,000.  Pl.'s Mot., ECF No. 5.  Moreover, Plaintiff asks this Court to award

26
        _____
27           [1] Defendant is erroneously sued in the present matter as "PHH Mortgage Company."

28           [2] Because oral argument will not be of material assistance, the Court orders this matter submitted
     on the briefs.  E.D. Cal. Local Rule 78-230(h).

1   attorney's fees on the grounds that Defendant removed this action in bad faith.  Pl.'s

2   Mot. at 1–2.  Second is Defendant's Motion to Dismiss, seeking dismissal of the lawsuit

3   pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]  Def.'s Mot., ECF No. 9.

4   Defendant contends that the present action is barred by res judicata because the

5   Superior Court previously dismissed a similar action by Plaintiff with prejudice.  Def.'s

6   Mot., ECF No. 9, at 1.

7       For the reasons set forth below, the Court GRANTS Plaintiff's Motion in part and

8   remands this action back to the Colusa County Superior Court.  However, the Court finds

9   no evidence that Defendant acted in bad faith, and thus DENIES Plaintiff's request for

10  attorney's fees.  Finally, since the Court grants Plaintiff's Motion, Defendant's Motion to

11  Dismiss is DENIED as moot.[4]

12

13                               **BACKGROUND**

14

15      Plaintiff purchased the property at 7011 North Avenue, Colusa, California 95932

16  ("Subject Property") in 1998.  Pl.'s Compl., ECF No. 1-1, ¶ 4.  Defendant began servicing

17  Plaintiff's mortgage loan for the Subject Property in 2008.  Id. at ¶ 16.  After refinancing

18  her home loan in 2005, Plaintiff underwent a loan modification with AmeriQuest

19  Mortgage Company on June 2, 2011, and received a lower adjustable interest rate.  Id.

20  Plaintiff nevertheless began experiencing financial difficulties in February 2014, and

21  contacted Defendant to express concerns about her ability to make her mortgage

22  ///

23
        [3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless
24  otherwise noted.

25      [4] Defendant also submits a Request for Judicial Notice ("RJN") regarding various documents in
    support of its motion:  (1) Plaintiff's March 4, 2015, Complaint, Def.'s RJN, Ex. A, ECF No. 10-1;
26  (2) Plaintiff's February 16, 2016, Third Amended Complaint, Def.'s RJN, Ex. B, ECF No. 10-2; (3) the State
    Court's April 22, 2016, Judgment of Dismissal, Def.'s RJN, Ex. C, ECF No. 10-3; and (4) the
27  November 12, 2015, Notice of Trustee's Sale, Def.'s Suppl. RJN, ECF No. 17-1.  Plaintiff does not oppose
    these requests.  Therefore, the Court GRANTS Defendant's Requests for Judicial Notice as to the
28  existence of those documents, but does not take judicial notice of the truth of their contents.

1   payments.  Id. at ¶ 18.  She subsequently submitted an application for a loan

2   modification to Defendant, allegedly upon Defendant's advice.  Pl.'s Compl. at ¶¶ 18–19.

3          On September 2, 2014, Plaintiff received a letter from Defendant denying her

4   request for a loan modification.  Pl.'s Compl., ¶ 19.  Plaintiff appealed this denial, and on

5   March 4, 2015, filed a complaint against Defendant in the Superior Court ("2015

6   Complaint").  Id.  The 2015 Complaint alleged two causes of action: negligence and

7   violations of the UCL.  Def.'s RJN, Ex. A, ECF No. 10-1, at 5–6.  During this prior

8   litigation, Plaintiff reapplied for a loan modification.  Pl.'s Compl., ¶ 19.  However, after

9   the 2015 Complaint was dismissed with prejudice on April 4, 2016, Def.'s RJN, Ex. C,

10  ECF No. 10-3, at 1, Defendant sent Plaintiff a second loan modification denial letter, Pl.'s

11  Compl., ¶ 19.

12         Defendant conducted a Trustee Sale for the Subject Property on April 25, 2016.

13  Def.'s Opp'n, ECF No. 15, at 1.  On the same day, Plaintiff filed a second lawsuit (the

14  present action) in Superior Court, contending in part that Defendant failed to fairly review

15  her loan modification request.  Pl.'s Compl., ¶ 21.  She also claims that Defendant

16  scheduled the Trustee Sale while her loan modification request was pending, which is

17  prohibited by HBOR.  Id. at ¶¶ 20–21.  Defendant removed the lawsuit to this Court on

18  the basis of diversity jurisdiction on May 26, 2016.  ECF No. 1.

19         Through this action, Plaintiff seeks a judicial order requiring Defendant to review

20  her modification application in a fair manner.  Id. at ¶ 24.  She also seeks an injunction

21  preventing any foreclosure sales until Defendant complies with HBOR, restitution of "all

22  sums" paid to Defendant as a result of its allegedly unlawful actions, and statutory

23  damages.  Id. at 10.

24  ///

25  ///

26  ///

27  ///

28  ///

1
2

**STANDARD**

3        When a case "of which the district courts of the United States have original
4  jurisdiction" is initially brought in state court, the defendant may remove it to federal court
5  "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  There are
6  two bases for federal subject matter jurisdiction:  (1) federal question jurisdiction under
7  28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court
8  has federal question jurisdiction in "all civil actions arising under the Constitution, laws,
9  or treaties of the United States."  Id. § 1331.  A district court has diversity jurisdiction
10  "where the matter in controversy exceeds the sum or value of $75,000, . . . and is
11  between citizens of different states, or citizens of a State and citizens or subjects of a
12  foreign state."  Id. § 1332(a)(1)–(2).

13        A defendant may remove any civil action from state court to federal district court if
14  the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The
15  party invoking the removal statute bears the burden of establishing federal jurisdiction."
16  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v.
17  Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the
18  removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566
19  (9th Cir. 1992).  "[I]f there is any doubt as to the right of removal in the first instance," the
20  motion for remand must be granted.  Id.  Therefore, "[i]f at any time before final judgment
21  it appears that the district court lacks subject matter jurisdiction, the case shall be
22  remanded" to state court.  28 U.S.C. § 1447(c).

23        If the district court determines that removal was improper, then the court may also
24  award the plaintiff costs and attorney fees accrued in response to the defendant's
25  removal.  28 U.S.C. § 1447(c).  The court has broad discretion to award costs and fees
26  whenever it finds that removal was wrong as a matter of law.  Balcorta v. Twentieth-
27  Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).
28  ///

**ANALYSIS**

The parties do not dispute diversity of citizenship; Plaintiff is a California resident and Defendant is a New Jersey corporation. Pl.'s Compl., ¶¶ 4–5. Plaintiff's Complaint is silent on the amount in controversy, and, as the removing party, Defendant bears the burden of establishing federal jurisdiction. <u>Ethridge</u>, 861 F.2d at 1393. It must do so by a preponderance of the evidence. <u>Gaus</u>, 980 F.2d at 567. Furthermore, when more than one claim is asserted against a defendant, amounts sought under each claim are aggregated to determine the amount in controversy. <u>Bank of Cal. Nat'l Asso. v. Twin Harbors Lumber Co.</u>, 465 F.2d 489, 491 (9th Cir. 1972). Therefore, remand turns on whether Defendant can show that the aggregated sum or value of Plaintiff's claims meet the jurisdictional minimum of $75,000.

> **A.    Defendant Has Not Carried Its Burden Of Establishing That The Amount In Controversy Exceeds $75,000**

Plaintiff pleads three distinct avenues for relief:  (1) statutory damages pursuant to § 2924.12(b) of HBOR; (2) restitution pursuant to the UCL; and (3) injunctive relief pursuant to § 2924.12(a) of HBOR.  The Court considers each below.

> **1.    Plaintiff's Statutory Damages Under § 2924.12(b) Cannot Exceed $50,000.**

California Civil Code § 2924.12(b) provides, in relevant part:

> If the court finds that [a] material violation [of HBOR] was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent, the court may award the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000).

Plaintiff contends that her statutory damages under HBOR are limited to $50,000 because her actual damages do not exceed this amount. Pl.'s Mot., ECF No. 5, at 9–10. Regardless of Plaintiff's actual damages, the plain language of the statute limits recovery

///

5

1  to $50,000 for claims under § 2924.12(b), and thus the Court uses that sum for the

2  purposes of determining the amount in controversy.

3          **2.      Defendant has Not Established the Amount of Restitution Available Under the UCL.**

4

5          Defendant contends that Plaintiff's restitution claim, made pursuant to the UCL,

6  provides an additional $35,000 in controversy.  Def.'s Opp'n, ECF No. 15, at 3.  In

7  support, Defendant offers the declaration of PHH employee Rhonda Cope that between

8  April 25, 2012 and April 25, 2016, Plaintiff paid a total of $35,655.66 in interest and fees

9  on her loan.  Decl. of Rhonda Cope, ECF No. 16, ¶¶ 1–4.  Defendant reasons that

10 because the statute of limitations for a UCL claim is four years, the amount in

11 controversy includes "all sums" paid by Plaintiff to Defendant in the four years preceding

12 this action.  Def.'s Opp'n, ECF No. 15, at 3.

13         Defendant's restitution calculation timeframe, from 2012 to 2016, is too broad, as

14 Plaintiff's February 2014 loan modification request was not initially denied until

15 September 2014.  Pl.'s Compl., ¶¶ 18–19.  Thus, the relevant payments are only those

16 made, at the earliest, from February 2014 on.  Additionally, Plaintiff asserts that she

17 made no home loan payments in the relevant timeframe, which is plausible in light of the

18 foreclosure of the Subject Property.  Pl.'s Reply, ECF No. 18, at 4.  Accordingly, the

19 Court finds Defendant has not met its burden in establishing the amount of restitution

20 available under the UCL.  The Cope Declaration does not provide the month-by-month

21 (or even year-by-year) payment histories necessary to determine the amount Plaintiff

22 may recover under the UCL.  Therefore, for the purposes of the pending Motion to

23 Remand, the Court considers the amount in controversy under the UCL claim to be $0.

24 ///

25 ///

26 ///

27 ///

28 ///

6

1
2

**3.      The Amount in Controversy Does Not Include the Value of the Subject Property, or Its Outstanding Loan.**

3      Plaintiff requests an order prohibiting "foreclosure sales" until Defendant complies

4   with HBOR, pursuant to California Civil Code § 2924.12(a).[5]  Pl.'s Compl. at 10.

5   Defendant contends the general rule on injunctions makes foreclosure the "object of the

6   litigation," and thus brings the value of the loan, $455,194.07, into the amount in

7   controversy.  Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002); see also

8   Major v. Wells Fargo Bank, N.A., No. 14-CV-998-LAB-RBB, 2014 WL 4103936, at *3

9   (S.D. Cal. Aug. 18, 2014) ("[I]n actions arising out of the foreclosure of a plaintiff's home,

10  the amount in controversy may be established by the value of the property or by the

11  value of the loan.").  Conversely, Plaintiff contends that temporary injunction requests

12  under HBOR do not make foreclosure the "object of the litigation," and thus Cohn's

13  general rule does not apply.  Pl.'s Reply, ECF No. 18, at 2–3.

14      Actions for temporary injunctions under HBOR highlight a significant split among

15  the district courts with regard to amount-in-controversy calculations.  See generally

16  Perryman v. JPMorgan Chase Bank, N.A., No. 1:16-cv-00643-LJO-SKO, 2016 WL

17  4441210, at *4–5 (E.D. Cal. Aug. 23, 2016) (discussing the split among district courts in

18  applying the amount in controversy rule to temporary injunction requests preventing

19  foreclosure).  In facts similar to the instant case, Perryman considered whether the value

20  of a property is properly included in the amount in controversy when injunctive relief is

21  sought pursuant to HBOR:

22              [E]njoining foreclosure temporarily to afford time to remedy
            alleged statutory violations related to a pending loan
23          modification does not place the entire value of the underlying
            loan or property into controversy because the property is not
24          the primary object of the litigation—the loan modification
            process is the primary focus.

25

26      [5] Plaintiff's Complaint requests "an order prohibiting foreclosure sales until C[alifornia] Civ[il] Code §[§] 2923-2924.5 have been complied with."  Pl.'s Compl. at 10 (emphasis added).  As an initial matter, Defendant contends that the word "sales," indicates that "Plaintiff not only sought to enjoin the foreclosure

27  of her own loan, but also the loans of countless other borrowers in California."  Def.'s Opp'n, ECF No. 15, at 4.  This argument is unavailing.  Reading the Complaint in its entirety, the Court construes Plaintiff's

28  Complaint as seeking an injunction against foreclosure sales of only her property.

1   Id. at *12.  This Court came to a similar conclusion in Vonderscher v. Green Tree

2   Servicing, LLC, No. 2:13-CV-00490-MCE-EFB, 2013 WL 1858431 (E.D. Cal. May 2,

3   2013), finding that the request for an injunction against potential foreclosure does not

4   necessarily include the value of the loan into the amount in controversy, id. at *3.

5   Furthermore, in Jerviss v. Select Portfolio Servicing, Inc., No. 2:15-CV-01904-MCE-KJN,

6   2015 WL 7572130, at *4 (E.D. Cal. Nov. 25, 2015), this Court explained that it "conducts

7   a functional analysis of the amount in controversy based on the plaintiff's primary

8   objective in bringing suit . . . [based on] whether the plaintiff primarily seeks to enjoin a

9   foreclosure or instead primarily seeks damages.  In denying a motion to remand in

10  Jerviss, it was significant that, unlike in the instant case, "Plaintiffs' prayer for relief [did]

11  not merely seek to delay foreclosure proceedings temporarily . . . pending a decision on

12  their loan modification application."  Id. at *4 (ellipsis in original).  Instead, "Plaintiffs'

13  request for an injunction [was] not time-limited in any way."  Id. at *4.

14          Here, Plaintiff's requested injunction is limited in its duration until PHH complies

15  with the statutory protections of HBOR.  Additionally, while Plaintiff's foreclosure was

16  imminent when she filed this action, her Complaint did not seek to rescind her loan, or to

17  permanently enjoin Defendant from foreclosing on the Subject Property.  See Ortiz v.

18  Seterus, Inc., No. LA CV16-01110 JAK (JEMx), 2016 WL 2968007, at *3 (C.D. Cal.

19  May 18, 2016) (finding that the "imminence" of foreclosure is not dipositive in

20  determining the object of the litigation, but rather "whether, at bottom, a plaintiff seeks to

21  rescind the loan at issue or permanently enjoin foreclosure"); Vergara v. Wells Fargo

22  Bank, N.A., No. SACV 15-00058-JLS (RNBx), 2015 WL 1240421, at *2 (C.D. Cal. Mar.

23  17, 2015) ("Courts have roundly rejected the argument that the amount in controversy is

24  the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a

25  foreclosure sale pending a loan modification.") (emphasis removed).

26          Accordingly, the Court finds that the injunction preventing foreclosure is not the

27  object of the instant litigation, and that the value of the Subject Property's loan, or of the

28  property itself, is not properly included in the amount in controversy.  Therefore,

1   Defendant has not established by a preponderance of the evidence that the amount in

2   controversy exceeds $75,000.  Because this Court lacks jurisdiction to adjudicate this

3   matter as pleaded in the Complaint,[6] Plaintiff's Motion to Remand is GRANTED.

4        **B.    Removal Was Not Made In Bad Faith**

5        Despite Plaintiff's assertion to the contrary, Defendant's removal does not appear

6   to be in bad faith.  While the Court has broad discretion to award costs and fees when it

7   finds that removal was unsubstantiated, Balcorta, 208 F.3d at 1106 n.6, Defendant's

8   actions here do not warrant such a result.  As discussed above, the split among district

9   courts on the application of the amount in controversy rule when applied to temporary

10  injunctions makes Defendant's arguments objectively reasonable.  See Martin v. Franklin

11  Capital Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may

12  award attorney's fees under § 1447(c) only where the removing party lacked an

13  objectively reasonable basis for seeking removal.").  Therefore, the Court DENIES

14  Plaintiff's request for attorney's fees.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26

27      [6] Plaintiff's Reply notes that "[u]ltimately, Plaintiff will seek to reverse the wrongful foreclosure and seek an injunction to enjoin the sale of the property to a third party."  Pl.'s Reply, ECF No. 18, at 5.  As jurisdiction is analyzed based on the pleadings at the time of removal, Plaintiff's future intentions are not

28  considered in the Court's analysis.  See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).

1
2

**CONCLUSION**

3          For the reasons stated above, Plaintiff's Motion to Remand, ECF No. 5, is

4    GRANTED IN PART and DENIED IN PART.  The case is remanded to the Colusa

5    County Superior Court.  However, Plaintiff is not entitled to attorney's fees.  In light of the

6    disposition of the Motion to Remand, Defendant's Motion to Dismiss, ECF No. 9, is

7    DENIED AS MOOT.

8          IT IS SO ORDERED.

9    Dated:  March 3, 2017

10

11                                                    MORRISON C. ENGLAND, JR.
                                                      UNITED STATES DISTRICT JUDGE
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28